UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PRASANNA W. GOONEWARDENA,

                        Plaintiff,

      -against-

AMR CORP. et al.,

                        Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

08-cv-4141

NICHOLAS G. GARAUFIS, United States District Judge.

In this action, originally filed in the Supreme Court of the State of New York, Queens County, Plaintiff Prasanna W. Goonewardena ("Goonewardena"), proceeding pro se, alleges that he was discriminated against by Defendants on the basis of his race, creed, color, and national origin when they refused his request for overnight accommodation when his flight from John F. Kennedy Airport to Las Vegas was cancelled. (Am. Compl. ¶ 22.) Goonewardena alleges that Defendants falsely told him his flight was cancelled due to adverse weather, when it was actually cancelled due to a malfunction in Defendants' baggage handling system. (Id. at ¶¶ 1-20.) Goonewardena also alleges that he was discriminated against when, the next day, he was removed from his flight to Las Vegas on the basis that he was ill. (Id. at ¶¶ 33-35.) Goonewardena alleges that he was not ill on that day, and that nobody on the flight had "professional knowledge" that he was ill. (Id. at ¶¶ 35-40.)

On October 9, 2008, Defendants AMR Corp. and American Airlines, Inc. removed this action to this court with the consent of the other Defendants. Goonewardena subsequently amended his Complaint to limit the damages requested to less than $75,000 and to withdraw his claim under the Civil Rights Act of 1964. Goonewardena now only asserts claims against

1

Defendants under the New York Human Rights Law. See New York Executive Law Section 290 et seq. Goonewardena now moves for this case to be remanded to state court, because he claims this court now lacks jurisdiction over this case. In the alternative, Goonewardena argues that the proper venue for this action is the Southern District of New York and that this action should be transferred there.

Section 1331 of Title 28 of the United States Code grants this court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," also known as "federal-question jurisdiction." "Normally, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." Travelers Indemnity Co. v. Sarkisian, 794 F.2d 754, 758 (2d Cir. 1986). Therefore, where a plaintiff's claim "involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground to defeat removal." Id. (citation omitted). When after the initial filing of his complaint a plaintiff withdraws all the claims over which the court had original jurisdiction, the court may assert supplemental jurisdiction over the remaining state claims, but it need not do so. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction").

Here, since "[t]he settled rule is that the propriety of removal is determined by the record as it stands at the time the petition for removal is filed," see 15 Moore's Federal Practice § 103.42 (3rd ed. 2007), removal was proper, because Goonewardena's complaint plainly included a federal claim. The remaining questions, Goonewardena having withdrawn his claim under the Civil Rights Act, are (1) whether, because of the doctrine of complete preemption, the court has original jurisdiction over Goonewardena's remaining claims, and (2) if the answer to question (1)

2

is no, whether the court should in any case assert supplemental jurisdiction over Goonewardena's remaining claims.

## I.   The Complete Preemption Doctrine

> The well-pleaded-complaint rule mandates that in assessing subject-matter jurisdiction, a federal court must disregard allegations that a well-pleaded complaint would not include – e.g., allegations about anticipated defenses. . . . The artful-pleading doctrine, a corollary to the well-pleaded complaint rule, rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law. . . . The artful-pleading doctrine includes within it the doctrine of complete preemption. . . . Under the complete-preemption doctrine, certain federal statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming with the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims – i.e., completely preempted. . . . When a plaintiff raises such a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law.

Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271-72 (2d Cir. 2005).

Defendants claim that Goonewardena's claims are completely preempted by the Federal Aviation Act ("FAA") and the Airline Deregulation Act ("ADA"). Defendants direct the court to the explicit preemption clause of the ADA, which provides that:

> Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1). They also direct the court to the following provision of the FAA:

> Subject to regulations of the Under Secretary, an air carrier, intrastate air carrier, or foreign air carrier may refuse to transport a passenger or property the carrier decides is, or might be, inimical to safety.

49 U.S.C. § 44902(b).

It is clear that these provisions could serve as a valid, and successful, defense for Defendants at trial. For example, Defendants might succeed in establishing that Goonewardena

3

lacked any viable claim under New York Human Rights Law because that law could not be enforced against them by virtue of the ADA.

"The Supreme Court has left no doubt, however, that a plaintiff's suit does not arise under federal law simply because the defendant may raise the defense of ordinary [as opposed to complete] preemption." Sullivan, 424 F.3d at 273. Defendants must show, therefore, that these statutes do not only preempt Goonewardena's state-law causes of action, but that they *completely* preempt them. To do so, Defendants must establish that Goonewardena's claims are in actuality nothing more than claims brought under the FAA and the ADA, clothed as claims under the New York Human Rights Law. See id. at 272.

It is impossible for Defendants to so establish, however, because neither the FAA nor the ADA provides a private right of action. See Bonano v. E. Carribean Airline Corp., 365 F.3d 81, 86 (1st Cir. 2004) ("[i]t is abundantly clear that Congress, in crafting the [FAA], intended public, not private enforcement"); Air Transp. Ass'n of Am., Inc. v. Cuomo, 520 F.3d 218, 221 (2d Cir. 2008) ("Importantly, § 41713(b)(1) [the express preemption provision of the ADA] does not provide an express private right of action, and we have held . . . that no private right of action can be implied"). It would therefore be impossible for Goonewardena to bring his claims under these statutes. By contrast, in the situations where the Supreme Court has found complete preemption, it did so because the federal statute at issue was the exclusive remedy for the plaintiff. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003) ("In the two categories of cases where this Court has found complete pre-emption – certain causes of action under the LMRA and ERISA – the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action."); id. at 11 ("Because §§ 85 and 86 [of the National Bank Act] provide the exclusive cause of action for

4

such claims, there is, in short, no such thing as a state-law claim of usury against a national bank. Even though the complaint makes no mention of federal law, it unquestionably and unambiguously claims that petitioners violated usury laws. This cause of action against national banks only arises under federal law and could, therefore, be removed under § 1441.") Therefore, because the FAA and the ADA do not completely preempt Goonewardena's state-law claims, this court lacks original jurisdiction over those claims.

## II.     Supplemental Jurisdiction

When after the initial filing of his complaint a plaintiff withdraws all the claims over which the court had original jurisdiction, the court may assert supplemental jurisdiction over the remaining state claims, but it need not do so. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction").

In deciding whether to exercise supplemental jurisdiction after original-jurisdiction claims have been dismissed, the court should consider and weigh "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (internal citation omitted); see Parker v. Della Rocco, Jr., 252 F.3d 663, 666 (2d Cir. 2001) (applying Carnegie-Mellon Univ. analysis to claims removed to federal court). The dismissal of the federal claims early on is "a powerful reason to choose not to continue to exercise jurisdiction." Id. at 351. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998). As Goonewardena withdrew his single federal claim very early on this litigation, the court declines to exercise supplemental jurisdiction over his remaining claims. Cf. id. ("One factor that may sometimes favor retaining pendent jurisdiction is when a state claim is closely

5

tied to questions of federal policy and where the federal doctrine of preemption may be implicated.")

## III. Conclusion

As this court lacks original jurisdiction over Goonewardena's state-law claims, and as it declines to exercise supplemental jurisdiction over these claims, this case is remanded to the Supreme Court of the State of New York, County of Queens. Carnegie-Mellon Univ., 484 U.S. at 357 (holding, despite the lack of explicit statutory authorization, that a district court "has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate").

SO ORDERED.

                                                                           s/Nicholas G. Garaufis

Dated: Brooklyn, New York                           NICHOLAS G. GARAUFIS
November 22, 2008                                         United States District Judge